## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

-----------------------------------------------------------------X

RAMON SOTO and CHARLENE MORRIS,
individually and on behalf of all others similarly
situated,

                Plaintiffs,                      Case No.: 1:25-cv-00405 (ARW)

     v.

PIM BRANDS, INC.,

                Defendant.

-----------------------------------------------------------------X


### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
### DEFENDANT'S MOTION FOR COSTS AND FEES UNDER RULE 41(d)
### AND TO STAY PROCEEDINGS AND DISMISS CASE IF NECESSARY

**FEGAN SCOTT LLC**
Elizabeth A. Fegan
Ashali P. Chimata
150 S. Wacker Dr. Ste. 2400
Chicago, Illinois 60606
Tel. No.: (312) 741-1019
Fax No.: (312) 264-0100
beth@feganscott.com
ashali@feganscott.com


**DENLEA & CARTON LLP**
Jeffrey I. Carton
Catherine H. Friesen
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel. No.: (914) 331-0100
Fax No.: (914) 331-0105
jcarton@denleacarton.com
cfriesen@denleacarton.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………...…1

STATEMENT OF FACTS……………………………………………………………...…1

ARGUMENT……………………………………………………………………………...4

I.     Plaintiff's Voluntary Dismissal to Address Defects in the Case Does Not Constitute an Improper Purpose or Vexatious Intent Warranting Imposition of Costs…………………...…………………………6

II.     Defendant's Request for Attorneys' Fees Is Factually and Legally Unsupported……………………………………………………..………10

III.    Defendant's Premature Attack Upon the Merits of Plaintiffs' Case Should Be Swiftly Rejected And Its Motion for a Stay Denied……………..……13

CONCLUSION………………………………………………………………...…15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arney v. GlaxoSmithKline*,
No. 14-cv-1226, 2015 U.S. Dist. LEXIS 23947 (W.D. Okla. Feb. 27, 2015) ........................12

*Ash v. Wallenmeyer*,
85-C-8557, 1986 U.S. Dist. LEXIS 20260 (N. D. Ill. Sept. 17, 1986) ...............................5, 6

*Atteberry v. Ritchie*,
243 Kan. 277, 756 P.2d 424 (1988) .............................................................................9

*Bran v. Sun Pac. Farming Coop.*,
2007 U.S. Dist. LEXIS 97870 (E.D. Cal. March 13, 2007). ....................................................8

*Buckman Co. v. Plaintiffs' Legal Comm.*,
531 U.S. 341 (2001) .....................................................................................................13

*Cauley v. Wilson*,
754 F.2d 769 (7th Cir. 1985) .........................................................................................12

*Chertoff Capital, LLC v. Syversen*,
468 F. Supp. 3d 713 (E.D. Va. 2020) .............................................................................7

*Crespo v. WFS Fin., Inc.*,
580 F. Supp. 2d 614 (N.D. Ohio Sept. 20, 2008)...............................................................8

*Embrey v. St. Charles Trading Inc.*,
23-CV-15232, 2024 U.S. Dist. LEXIS 37111 (N.D. Ill. March 4, 2024)................................7

*Esposito v. Piatrowski*,
223 F. 3d 497 (7th Cir. 2000) .......................................................................................10

*G.C. & K.B. Invs., Inc. v. Fisk*,
No. 01-CV-1256, 2002 U.S. Dist. LEXIS 876 (E.D. La. Jan. 8, 2002)....................................6

*Gallo v. Inter-Con Sec. Sys.*,
No. 20-CV-4879, 2021 U.S. Dist. LEXIS 166061 (S.D.N.Y. Sep. 1, 2021)............................5

*Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., LLC*,
No. 16-CV-6644, 2016 U.S. Dist. LEXIS 96012 (E.D. La. July 22, 2016) ............................6

*Heselton v. Espinoza*,
No. 21-CV-1592, 2023 U.S. Dist. LEXIS 191090 (S.D. Ill Oct. 24, 2023) ......................9, 10

*Holstrom v. Metro Life Ins. Co.*,
  No. 07-CV-6044, 2011 U.S. Dist. LEXIS 58766 (N.D. Ill. May 31, 2011) ...........................12

*Jacobs Trading, LLC v. Am. Eagle Trading Grp., LLC*,
  No. 16-cv-00406, 2016 U.S. Dist. LEXIS 133823 (D. Minn. Sep. 28, 2016) ........................15

*Lyons v. Dish Network, LLC*,
  No. 13-cv-00192, 2013 U.S. Dist. LEXIS 149982 (D. Colo. Oct. 15, 2013) ...............7, 10, 12

*McGarity v. Sun-Maid Growers*,
  2024 U.S. Dist. LEXIS 179091 (S.D. Cal. Oct. 1, 2024) ................................................ *passim*

*Mirza v. Ignite USA, LLC*,
  439 F. Supp. 3d 1058 (N.D. Ill. 2020) ....................................................................................13

*Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*,
  No. 20-cv-24587, 2021 U.S. Dist. LEXIS 4320, * 8 (S.D. Fla. Jan. 11, 2021) .......................7

*Moskowitz v. Am. Sav. Bank, F.S.B.*,
  37 F.4th 538 (9th Cir. 2022) ...................................................................................................11

*MSP Recovery Claims, Series 44 v. Zurich Am. Ins. Co.*,
  No. 22-CV-5054, 2024 U.S. Dist. LEXIS 64280 (N.D. Ill. March 25, 2024) ...........................7

*New La Holdings, LLC v. Arrowsmith*,
  No. 11-C-5031, 2012 U.S. Dist. LEXIS 173313 (N.D. Ill. Dec. 4, 2012) ...............................11

*Rogers v. Walmart Stores, Inc.*,
  230 F.3d 868 (6th Cir. 2000) .....................................................................................................7

*Sanderson v. Spectrum Labs, Inc.*,
  248 F.3d 1159 (7th Cir. 2000) .................................................................................................11

*Tsukerman v. Western Cmty. Unit Sch. Dist. No. 12*,
  796 Fed. Appx. 312 (7th Cir. 2020) ...........................................................................................7

*United Rentals (N. Am.), Inc. v. Nardi*,
  No. 02-cv-995, 2002 U.S. Dist. LEXIS 26781 (D. Conn. Sept. 23, 2002).........................6, 13

*United Transp. Union v. Maine C. R. Co.*,
  107 F.R.D. 391 (D. Me. 1985).............................................................................................5, 15

*Wahl v. Wichita*,
  701 F. Supp. 1530 (D. Kan. 1988)............................................................................................9

*Williamson v. Aetna Life Ins. Co.*,
  No. 04-2851 B, 2005 U.S. Dist. LEXIS 48954 (W.D. Tenn. Sept. 26, 2005)...........................6

*Woodhaven Homes & Realty v. Hotz,*
  No. 01-cv-778, 2007 U.S. Dist. LEXIS 609 (E.D. Wis. Jan. 4, 2007) ...................................11

**Statutes**

15 U.S.C. § 1117 ...........................................................................................................11

17 U.S.C. § 505 .............................................................................................................11

29 U.S.C. § 1132(g)(1) ..................................................................................................12

Illinois' Consumer Fraud Act ..........................................................................................1

New York's General Business Law §§ 349 and 350 .......................................1, 11, 13

**Other Authorities**

21 C.F.R. § 131.200 .......................................................................................................14

86 Fed. Reg. 31124 (June 11, 2021) .............................................................................14

Fed. R. Civ. P. 12(b)(6)............................................................................................7, 9, 12

Fed. R. Civ. P 15(a)(2) ....................................................................................................3

Fed. R. Civ. P. 41(a)(1)(A)(i) .......................................................................................2, 4

Fed. R. Civ. P. 41(a)(2) .................................................................................................12

Fed. R. Civ. P. 41(d) ................................................................................................*passim*

5 Moore's Federal Practice ..............................................................................................5

Plaintiffs Ramon Soto and Charlene Morris respectfully submit this memorandum in opposition to Defendant's motion for costs and fees, and to stay or dismiss the action.

## PRELIMINARY STATEMENT

In this putative class action ("the Illinois Action"), Plaintiffs Ramon Soto ("Plaintiff Soto") and Charlene Morris ("Plaintiff Morris," collectively "Plaintiffs") seek to redress Defendant PIM Brands' deceptive and misleading business practices in the marketing and sale of its *Fruit 'n Yogurt Snacks* product (the "Product"). Plaintiffs allege that the Product's name and packaging deceptively suggest that its *Fruit 'n Yogurt Snacks* are made with yogurt (in some form), when they are not. Rather, the Product is covered in a candy-like coating designed to provide the illusion of health while delivering the harms of an ultra-processed food.

Rather than answer or file a motion to dismiss the Complaint, Defendant has spuriously filed a motion for costs and fees under Rule 41(d) of the Federal Rules of Civil Procedure, and "to stay the proceedings or dismiss case is necessary." Because the motion lacks a factual or legal basis and is clearly designed to punish Plaintiffs, it should be swiftly denied.

## STATEMENT OF FACTS

Plaintiffs commenced the Illinois Action by the filing of a summons and complaint on January 14, 2025. Through this action, Plaintiff Soto, a resident of Illinois who was deceived by Defendant's misrepresentations and who purchased the product in Chicago, is suing Defendant for conduct which violates Illinois' Consumer Fraud Act, and Plaintiff Morris, a resident of New York who was similarly deceived by Defendant's misrepresentations and purchased the product in New York, is suing Defendant for conduct which violates New York's General Business Law §§ 349 and 350.

Three months prior to bringing the Illinois Action, Plaintiff Morris, acting pursuant to Fed. R. Civ. Proc. 41(a)(1), voluntarily dismissed without prejudice a similar action that was

brought in the Western District of New York ("the New York Action"). On June 18, 2024, Plaintiff Morris commenced the New York Action against Welch Foods, Inc., and it was assigned docket number 24-cv-06385. (*See* Friesen Decl., Ex. A). On July 1, 2024, Sean Suber, Esq., counsel for Welch Foods, Inc., requested that Pim Brands be substituted as a defendant for Welch Foods, Inc. (*See* Friesen Decl., Ex. B).

On July 19, 2024, to accommodate Mr. Suber's request and avoid unnecessary motion practice, Plaintiff Morris filed an amended complaint, adding PIM Brands as a defendant. (See Suber Decl., Ex. A). As reflected in the Docket Report, Plaintiff Morris subsequently dismissed the action as to Welch Foods, Inc. (*See* Friesen Decl., Ex. A, ECF No. 9). At Mr. Suber's request, Plaintiff agreed to extend the time to respond to the Amended Complaint to September 23, 2024. (*See* Friesen Decl., Ex. A, ECF No. 10).

On September 23, 2024, Defendant PIM Brands filed a motion to dismiss the Amended Complaint (*see* Suber Decl., Ex. B), and, by Court order, Plaintiff's opposition was due October 24, 2024. (*See* Friesen Decl., Ex. A, ECF No. 18). In preparing to respond to that motion, Plaintiff's counsel checked the docket of *McGarity v. Sun-Maid Growers of California*, a similar case pending in the United States District Court for the Southern District of California against the manufacturer of yogurt-covered raisins.[1] (*See* Friesen Decl. ¶ 6). Counsel learned that, on October 1, 2024, the court had issued a decision granting defendant's motion to dismiss on preemption grounds, but also granting plaintiff leave to file an amended complaint. *See*

---

[1] Remarkably, Defendant's counsel did not reach out to Plaintiff Morris's attorneys to inform them of the *McGarity* decision. They were clearly aware of it since, at the time, the law firm of Winston & Strawn, LLP represented the defendant in that action as well, and the decision was plainly germane to its already-filed motion to dismiss the New York action. According to the docket report for the McGarity case (24-cv-00714), one of the attorneys who filed the initial notice removing the action to federal court was Christopher Murphy, who works with Mr. Suber out of Winston & Strawn LLP's Chicago, Illinois office.

*McGarity v. Sun-Maid Growers*, No. 24-cv-00714, 2024 U.S. Dist. LEXIS 179091, at *9 (S.D. Cal. Oct. 1, 2024).

The *McGarity* decision highlighted that the preemption issue flagged by Defendant's motion was nuanced, not cut and dried. Finding that applicable federal regulation was "genuinely ambiguous regarding what must comply with the 'yogurt' standard of identity," the court deferred to the FDA's interpretation that "yogurt-covered products" did not need to comply, and thus, it found the claims as pled expressly preempted. Noting, however, "that the FDA also requires that yogurt-covered products be coated with a product containing yogurt powder derived from dried yogurt that conforms with the standard of identity for yogurt," and that "Plaintiff may have a claim where the yogurt powder used in the Products' coating does not derive from yogurt," the court found that amendment is "not futile" and granted plaintiff leave to file an amended complaint by October 22, 2024. *McGarity,* 2024 U.S. Dist. LEXIS 179091, at *9.

The *McGarity* decision thus provided a significant roadmap to an amendment that would avoid the potential preemption pitfall identified by Defendant.[2] Because Plaintiff had already amended once as of right (at Defendant's request), however, Plaintiff sought the consent of Defendant's counsel to file a second amended complaint. Rather than provide its consent (as it had clear authority to do pursuant to FRCP 15(a)(2) and which Plaintiff expected in light of its prior accommodation to amend the Complaint at Defendant's request at an extremely early stage in the litigation), Defendant ultimately refused after a prolonged email exchange. (*See* Friesen Decl. ¶ 4). The Plaintiff then wrote to the court on October 21, 2024, seeking an extension of time until November 15, 2024, to file a motion for leave to amend the amended complaint, and to

---

[2] As demonstrated by Mr. Suber's Declaration (¶ 6), within days of learning of the helpful roadmap offered by the *McGarity* decision, plaintiff's law firm began a search to widen the class by seeking other class representatives.

mark Defendant's motion to dismiss as terminated. ( Friesen Decl., Ex. D, ECF No. 23).  In

response, Defendant not only opposed Plaintiff's request for additional time, but also punitively

asked the court to set an October 24th deadline for Plaintiff to file its motion for leave to amend

the complaint.  (Friesen Decl., Ex. E, ECF No. 24).

By text order dated October 22, 2024, the court ordered briefing on the motion to dismiss

to proceed as scheduled, and rejected Defendant's request that it set an October 24th deadline to

seek leave to amend, noting that "***If Plaintiff wishes to file for leave to amend, she may do so in***

***the ordinary course as the court has yet to issue a deadline for amendment of pleadings***." (*See*

Friesen Decl., Ex. A, ECF No. 25, emphasis added).  On October 23, 2024, having determined

that the Amended Complaint required further amendment in light of the *McGarity* decision, but

requiring additional time to do so in a thoughtful and comprehensive manner (including time to

review the Amended Complaint filed by the *McGarity* plaintiff on October 22, 2024), Plaintiff

elected not to file opposition to Defendant's motion, and instead filed a notice of voluntary

dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (*See id.,* ECF No. 26), which the court so-

ordered on October 29, 2024.  (*See id.,* ECF No. 27).

After Plaintiff Soto retained Plaintiffs' counsel, the Plaintiffs filed the Illinois Action

bringing both cases together in one forum.  As demonstrated by Defendant's "redline" attached

as Exhibit F to Mr. Suber's Declaration, the Complaint is substantively different, and specifically

addresses the preemption issues raised by *McGarity* decision in a manner that is consistent with

its roadmap. Nonetheless, Defendant has elected to file this meritless motion ***without*** asking the

Court to examine the merits of Plaintiffs' allegations in a pre-answer motion to dismiss.

<u>**ARGUMENT**</u>

Rule 41(d) of the Federal Rules of Civil Procedure ("the Rule") permits the Court to

order a plaintiff who has previously dismissed an action "based on or including the same claim

against the same defendant," to pay all or part of the costs of the previous action.  *See* Fed. R.

Civ. P. 41(d).  In addition, the Court may "stay the proceedings until the plaintiff has complied."

*Id.*  The Rule "is intended to confer a broad ambit of discretion upon federal courts." *United*

*Transp. Union v. Maine C. R. Co.,* 107 F.R.D. 391, 392 (D. Me. 1985) (citing 5 *Moore's Federal*

*Practice*); *see Ash v. Wallenmeyer,* No. 85-C-8557, 1986 U.S. Dist. LEXIS 20260, at *10 (N.D.

Ill. Sept. 17, 1986) ("Rule 41(d) provides that the award of fees is within the discretion of the

court.") (citing *United Transp. Union*, 107 F.R.D. at 391).[3]

The mere fact that a complaint is "predicated on the same facts" as a prior action does not

automatically warrant the assessment of costs. *Gallo v. Inter-Con Sec. Sys*., No. 20-CV-4879,

2021 U.S. Dist. LEXIS 166061, at *29 (S.D.N.Y. Sept. 1, 2021).  Rather, Rule 41(d) is intended

"to prevent the bringing of vexatious lawsuits," *Ash v. Wallenmeyer*, No. 85-c-8557, at *10

(N.D. Ill. Sept. 17, 1986), and "to secure, where such suits are shown to have been brought

repetitively, payment of costs for prior instances of such vexatious conduct." *United Transp.*

*Union.,* 107 F.R.D. at 392. "Though a showing of bad faith is not required, a court may refuse to

impose [Rule 41(d) costs] on the plaintiff if it appears that there was a good reason for the

dismissal of the prior action." *Gallo v. Inter-Con Sec. Sys*., No. 20-cv-4879, at *29 (S.D.N.Y.

Sept.1, 2021).

Here, Plaintiffs do not dispute that this case involves essentially the same claims and one

of the same plaintiffs (Morris) as a prior action filed in the Western District of New York.  As set

forth below, however, Plaintiffs had good faith reasons both to dismiss the prior lawsuit and to

bring this case in this District, and Defendant's intimations of wrongdoing are entirely

unfounded. In addition, Defendant has failed to establish that it incurred any unnecessary costs in

---

[3] Generally, internal citations and quotations have been omitted unless otherwise indicated.

its brief sojourn in the Western District of New York, and its request for attorneys' fees borders on frivolous. Next, to the extent that Defendant did incur any costs, it has not established that they have been rendered useless by the dismissal of the WDNY action. Finally, Defendant has not demonstrated any basis whatsoever to stay the current proceedings.

## I. Plaintiff's Voluntary Dismissal to Address Defects in the Case Does Not Constitute an Improper Purpose or Vexatious Intent Warranting Imposition of Costs

While Defendant imputes nefarious intent to Plaintiff Morris's dismissal of the WDNY action, its suggestion of wrongdoing is contrived and counterfactual. As set forth in detail above, Plaintiff dismissed the case to remedy a defect in the pleadings, not because of a "setback" or an "adverse decision." Courts have routinely recognized that a preemptive voluntary dismissal early in the litigation to address a deficiency in the case evidences a "proper purpose" for which an imposition of costs is unwarranted. *Ash v. Wallenmeyer*, No. 85-c-8557, at *10-11 (N.D. Ill. Sept. 17, 1986) (denying FRCP 41(d) motion for costs where amended complaint provided "more details" about defendant's conduct and "was not filed vexatiously"); *United Rentals (N. Am.), Inc. v. Nardi*, No. 02-cv-995, 2002 U.S. Dist. LEXIS 26781, at *4 (D. Conn. Sept. 23, 2002) (awarding no costs where plaintiff dismissed case in Connecticut and refiled in Florida to address personal jurisdictional defect as to certain defendants); *G.C. & K.B. Invs., Inc. v. Fisk,* No. 01-CV-1256, 2002 U.S. Dist. LEXIS 876, at *21-22 (E.D. La. Jan. 8, 2002) (also denying Rule 41(d) motion because plaintiff had a good reason to dismiss the first complaint for lack of subject matter jurisdiction and to file a second complaint when evidence of additional damages was discovered); *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., LLC,* No. 16-CV-6644, 2016 U.S. Dist. LEXIS 96012, at *5 (E.D. La. July 22, 2016) (also finding good reason to dismiss complaint voluntarily and re-file in a different venue "in an attempt to correct an issue identified in [defendant's Rule 12(b)(6)] motion"); *Williamson v. Aetna Life Ins. Co*., No. 04-

2851 B, 2005 U.S. Dist. LEXIS 48954, at *4-6 (W.D. Tenn. Sept. 26, 2005) (holding the same and emphasizing that a voluntary dismissal "reflects an attempt to redress defects in their case rather than one to "wipe the slate clean after an initial setback"); *Lyons v. Dish Network, LLC,* No. 13-cv-00192, 2013 U.S. Dist. LEXIS 149982, at *6 (D. Colo. Oct. 15, 2013) (imposing no costs where plaintiff dismissed an action in Florida "in order to investigate the possibility of re-filing her claims as part of a [nationwide] class action").

Contrary to the case at bar, the cases cited by Defendant involve dismissals after lengthy litigation and substantively significant adverse rulings. *See Tsukerman v. Western Cmty. Unit Sch. Dist. No. 12,* 796 Fed. App'x. 312, 312-13 (7th Cir. 2020) (imposing costs where parties stipulated to voluntary dismissal without prejudice after discovery and summary judgment briefing and expressly reserved defendant's right to demand costs); *Embrey v. St. Charles Trading Inc.,* 23-CV-15232, 2024 U.S. Dist. LEXIS 37111, at *11 (N.D. Ill. March 4, 2024) (imposing costs because plaintiff "needlessly prolonged ... the state litigation," dismissing it because he believed "state court judge would likely issue additional adverse rulings against him"); *MSP Recovery Claims, Series 44 v. Zurich Am. Ins. Co*., No. 22-CV-5054, 2024 U.S. Dist. LEXIS 64280 (N.D. Ill. Mar. 25, 2024) (imposing costs where plaintiffs engaged in an enormously complicated "shell game" involving multiple filings in multiple courts, with one plaintiff entity transferring its interest in litigation to another plaintiff entity); *Rogers v. Walmart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) (imposing costs after plaintiff only sought to dismiss the initial action after she had missed the court's deadline for disclosing expert witnesses); *Chertoff Capital, LLC v. Syversen*, 468 F. Supp. 3d 713, 718 (E.D. Va. 2020) (prior case dismissed after Magistrate Judge issued a Report and Recommendation recommending that claims be dismissed with prejudice); *Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire*

7

*Indem. Ins. Co.,* No. 20-cv-24587, 2021 U.S. Dist. LEXIS 4320, at *8 (S.D. Fla. Jan. 11, 2021)

(concerning parties engaged in "extensive litigation," in dismissed action, including mediation);

*Crespo v. WFS Fin., Inc.,* 580 F. Supp. 2d 614, 625 (N.D. Ohio Sept. 20, 2008) (concerning

voluntary dismissal of state court case pending two years after plaintiff's motion to amend the

complaint was denied and plaintiff failed to comply with court-ordered discovery deadlines).

Simply put, the facts do not indicate the kind of situation contemplated by Rule 41(d) where "a

plaintiff simultaneously files suit in two separate courts, without any ties to one forum, coupled

with other evidence that plaintiff was forum shopping." *Bran v. Sun Pac. Farming Coop.*, 2007

U.S. Dist. LEXIS 97870, at *15 (E.D. Cal. March 13, 2007).

Defendant's suggestion that Plaintiff dismissed the proceeding after an "adverse ruling"

is entirely unsupported by the record. The court's October 22nd ministerial text order was not

substantively adverse to Plaintiff at all. In fact, it rejected Defendant's request that the court set

an October 24th deadline to seek leave to amend the Amended Complaint, instead confirming

that she could still seek leave from the court to file an amended complaint at a later date.

Defendant's intimation that "an adverse dispositive ruling" on Defendant's motion to dismiss

"was on the horizon" is equally speculative and outrageous. (Mov. Mem. at 5). There was

simply no possibility of an "adverse dispositive ruling" on the motion to dismiss because the

court would never have reached it: Plaintiff's counsel had already informed the court by letter

that it had determined that the Amended Complaint required further amendment, and

Defendant's motion would have been rendered moot by the filing of the Second Amended

Complaint. Plaintiff's decision to dismiss spared her the time and expense of opposing a soon-

to-be-moot motion, spared Defendant the time and expense of replying to Plaintiff's opposition,

and made the most efficient use of judicial resources.

Moreover, while Defendant accuses Plaintiff Morris of "forum shopping," merely filing a complaint in a different jurisdiction (where Plaintiff Soto is entitled to file as a resident of the Northern District of Illinois) does not evidence an improper purpose warranting imposition of costs. In *Heselton v. Espinoza*, No. 21-CV-1592, 2023 U.S. Dist. LEXIS 191090 (S.D. Ill Oct. 24, 2023), for example, the court granted the plaintiff's motion to dismiss its complaint without prejudice, denied the defendants' pending Rule 12(b)(6) motion to dismiss on preemption grounds as moot, and denied defendants' motion for costs pursuant to FRCP 41(d). In reaching its decision, the court accepted plaintiff's explanation for dismissing the Illinois federal case and filing a state court action in the Superior Court of Los Angeles County, and it found that the litigation was not at an advanced stage and that there had been no excessive delay. The court also noted that the effort and expenses expended by the defendant in litigating the case would be useful in defending against the subsequently filed California case. *Id.* at *10-11. Similarly, in *Wahl v. Wichita*, 701 F. Supp. 1530 (D. Kan. 1988), the court declined to impose costs where the plaintiffs dismissed a state court action and filed a federal action "only after the Kansas Supreme Court issued its opinion in *Atteberry v. Ritchie*, 243 Kan. 277, 756 P.2d 424 [(1988)], a case with similar facts." *Id*. at 1533. The court found that the plaintiff acted in good faith when it made its decision "[a]fter examining that opinion and considering its scope." *Id*. at 1533.

Here, as set forth above, Plaintiff did not delay in dismissing the New York action, but rather sought dismissal as soon as it became clear that dismissal was the most prudent and responsible course of action given: (i) her reasoned decision in light of the just-issued *McGarity* decision and its roadmap that it was necessary to amend the complaint to address the preemption issue raised by Defendant's motion; (ii) Defendant's unexpected refusal to consent to Plaintiff's filing of a second amended complaint; and (iii) Plaintiff's imminent deadline to respond to the

motion to dismiss. Moreover, Defendant's own submission confirms that a wider class action lawsuit was contemplated as early as October 8, 2024, *shortly after* the *McGarity* decision had set forth a viable blueprint as to how Plaintiff's action could be pled in a way that avoided running afoul of the preemption doctrine, *before* Plaintiff repeatedly sought (and failed to receive) Mr. Suber's consent to amend the New York complaint, and *before* Plaintiff had decided to dismiss the action after failing to gain Defendant's consent to such amendment.[4] Ultimately, after an Illinois Plaintiff (Ramon Soto) retained the firm, efficiency and economy suggested that the cases be brought together in one complaint, saving the courts, the Defendant, and the Plaintiffs unnecessary costs and duplication of effort. Illinois is plainly a "proper and convenient forum" for litigating the claims of both Plaintiffs, and the decision to file the case in Illinois does not constitute "forum shopping." *See, e.g., Lyons v. Dish Network, LLC,* No. 13-cv-00192, at *6 (D. Colo. Oct. 15, 2013) (no forum shopping where "this District constitutes a proper and convenient venue choice for this action"); *Heselton,* 2023 U.S. Dist. LEXIS 191090, at *10 (finding no "forum shopping" where "Plaintiffs are pursuing their claims in jurisdictions that both have jurisdiction to hear their claims"). Accordingly, the motion for costs should be denied.

## II. Defendant's Request for Attorneys' Fees Is Factually and Legally Unsupported

Contrary to Defendant's outright misleading argument, attorneys' fees are not routinely awarded on a Rule 41(d) motion for costs in the Seventh Circuit. As the court found in *Esposito*

---

[4] Counsel's argument that "[b]ecause the NY action did not give them what they want in light of the McGarity ruling, voluntary dismissal became Morris' strategic best option, so her counsel dismissed the NY action and began setting the stage for the case here," cannot be reconciled with Mr. Suber's acknowledgement that, by October 8th, Plaintiff's counsel was actively seeking consumers to widen the class. The timing alone conclusively demonstrates that the decision to seek a wider class preceded (and could not have resulted from) the purportedly "adverse" October 22nd text order, and thus that the decision to file the complaint in Illinois does not constitute improper "forum shopping."

*v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000), attorneys' fees are a recoverable cost of litigation under Rule 41(d) "only [in] those instances where the underlying statute that is the basis of the original action permits the recovery of fees as costs," *Id.* at 501, or where the court exercises its inherent authority upon finding that a party is acting in "bad faith." *Id.* at 500, n. 5; *see also Moskowitz v. Am. Sav. Bank, F.S.B.,* 37 F.4th 538, 545 (9th Cir. 2022) ("We hold that Rule 41(d) "costs" do not include attorney's fees as a matter of right ... In so holding, we join every published circuit court opinion that has meaningfully considered this issue.").  Defendant's memorandum of law is entirely bereft of any analysis of how <u>either</u> condition is met.  Clearly, neither of the underlying statutes at issue in the New York action (NY GBL §§ 349 and 350) authorizes the award of attorneys' fees.[5]  Defendant also does not argue (nor could it) that Plaintiff's actions amount to "bad faith," arguing, to the contrary, that a showing of bad faith is not required under Rule 41(d).[6] (*See* Mem. of Law at 7).

The cases cited by Defendant do not support the award of attorneys' fees in the circumstances presented by this case. For example, in *New La Holdings, LLC v. Arrowsmith*, No. 11-c-5031, 2012 U.S. Dist. LEXIS 173313 (N.D. Ill. Dec. 4, 2012), the court ordered costs and attorneys' fees under Rule 41(d) only after finding that the plaintiffs "abused the judicial process" when they 1) unnecessarily filed a prior breach of contract action in New York notwithstanding a clause that required disputes to be litigated in Chicago, Illinois; 2) after

---

[5] Thus, this case is entirely unlike *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, 2000 U.S. App. LEXIS 34058, at *18 (7th Cir. 2000), cited by Defendant (Mov. Mem. at 11), where attorneys' fees were authorized by the underlying Lanham Act (15 U.S.C. § 1117), and *Woodhaven Homes & Realty v. Hotz,* No. 01-cv-778, 2007 U.S. Dist. LEXIS 609 (E.D. Wis. Jan. 4, 2007), where attorneys' fees were authorized by the underlying copyright infringement statute (17 U.S.C. § 505).

[6] Defendant is correct that a showing of "bad faith" is not required to impose <u>costs</u> under Rule 41(d), while utterly ignoring that such a showing (or its equivalent) is required to impose <u>attorneys' fees</u> under Rule 41(d) in the absence of an underlying statute that authorizes their award.  *See New La. Holdings, LLC,* 2012 U.S. Dist. LEXIS 173313, at *32-33.

defendants' filed a pre-motion to dismiss letter, the New York judge afforded the plaintiff an opportunity to amend the complaint, but plaintiffs dismissed it <u>and refiled an identical action</u> the same day in the Northern District of Illinois (which the court ultimately dismissed on a 12(b)(6) motion adjudged at the same time as the motion for costs).[7]  Those circumstances are very different from here where Plaintiff properly filed an action in one appropriate jurisdiction and venue, dismissed it to remedy defects that had been brought to its attention, and then, after being retained by an additional plaintiff residing in the jurisdiction of a different court, filed a complaint that <u>remedied the prior defects</u> in the other equally appropriate venue.

Defendant should not be permitted on reply to argue that the "bad faith" standard is somehow satisfied when it clearly is not.  Having elected to argue that it is not required to prove bad faith to recover costs (an argument plainly wrong as applied to its request for attorneys' fees), it should not receive a "second bite" at the apple.  Rather, to the extent that the Court finds Rule 41(d) applicable (although it is not for all the reasons stated above), Defendant's recovery should be limited to the costs it incurred in litigating the New York action, which, given its infancy at the time of its dismissal, must be extremely limited.

Finally, it bears noting that, even if attorneys' fees are awarded under Rule 41(d), Defendant is not entitled to recoup costs and expenses "incurred in connection with legal work in a prior action that has continued utility or has contributed toward defense of the present action." *Arney v. GlaxoSmithKline*, No. 14-cv-1226, 2015 U.S. Dist. LEXIS 23947 (W.D. Okla. Feb. 27, 2015); *Lyons v. Dish Network, LLC,* No. 13-cv-00192, at *6 (D. Colo. Oct. 15, 2013).

---

[7]The other cases cited by Defendant are equally inapposite. *See Cauley v. Wilson,* 754 F.2d 769 (7th Cir. 1985)( Rule 41(d) not implicated; voluntary dismissal under FRCP 41(a)(2) after seven years of litigation properly conditioned on payment of attorneys' fees); *Holstrom v. Metro Life Ins. Co.*, 07-CV-6044, 2011 U.S. Dist. LEXIS 58766 (N.D. Ill. May 31, 2011) (Rule 41(d) not implicated; awarding attorneys' fees under 29 U.S.C. § 1132(g)(1)).

Defendant's disputed argument, if true (which it is not), that the changes to the complaint constitute "minor differences" and that the Illinois Complaint otherwise "regurgitate[s] the language from the NY action" (Mov. Mem. at 6) strongly suggests that attorneys' fees incurred in preparing its prior motion will be useful in preparing a motion to dismiss in this action. *See United Rentals (N. Am.), Inc. v. Nardi*, No. 02-cv-995, at *4-5 (D. Conn. Sept. 23, 2002) (where claims were identical, "[t]here is thus no indication that the expenditure of costs by defendants before this Court will not defray litigation expenditures in the Florida action as would weigh in favor of such an award).

Even with the substantial changes to the Complaint made by Plaintiff, Defendant's prior research into federal preemption law (including Supreme Court precedent such as *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001) and relevant Second Circuit cases (see Mov. Mem. at 4)) and into federal regulations governing yogurt and yogurt-covered products (a subject with which Winston & Strawn was already very familiar already from the *McGarity* case) will certainly be useful to drafting its anticipated motion to dismiss in this action.[8]  Moreover, Defendant's analysis of NY GBL §§ 349 and 350 (a substantial portion of its prior motion) can simply be reused in this action since authority from the Second Circuit is obviously relevant to the Court's ultimate decision. *See, e.g*; *Mirza v. Ignite USA, LLC,* 439 F. Supp. 3d 1058 (N.D. Ill. 2020) (citing authority from the SDNY regarding NY GBL § 349)).  Accordingly, to the extent that the Court awards attorneys' fees at all (which it should not under prevailing Seventh Circuit

---

[8] An experienced litigator such as Mr. Suber – whose declaration is submitted in support of Defendant's motion – cannot credibly claim ignorance of the guiding preemption authority in the judicial district in which his law office is based.

law), the Court should find that the expenses incurred in drafting the prior motion to dismiss are useful to the present litigation and entirely non-recoverable.[9]

### III. Defendant's Premature Attack Upon the Merits of Plaintiffs' Case Should Be Swiftly Rejected And Its Motion for a Stay Denied

Finally, it bears noting that, rather than filing a proper motion to dismiss pursuant to Rule 12(b)(6), Defendant asks this Court to find: (1) it would have prevailed on its motion to dismiss in the New York Action and (2) Plaintiffs' claims in this action simply "wordsmith" a few non-substantive changes and are still preempted. (Mov. Mem. at 8). Defendant's so-called "proof" of what it terms "gamesmanship" is a redline comparison of this Complaint and the New York Amended Complaint. In fact, reflecting the Court's preemption analysis in *McGarity*, the two complaints are substantively different, a fact that Defendant acknowledges (contradicting its prior accusation of mere "wordsmithing") when it states that its previous motion to dismiss "was .. directed toward a complaint that Morris has since **changed to intentionally undercut the prior arguments**." (Mov. Mem. At 10) (emphasis added). Among these changes, the Illinois Complaint includes an explanation why the claims are not expressly or impliedly preempted.[10]

While Defendant suggests these changes are not fair play, "Defendants can hardly complain if Plaintiff has responded affirmatively to defensive motions filed in the [prior] action,

---

[9] Defendant's request for attorneys' fees incurred in drafting its October 21st letter opposing Plaintiff's request for additional time to respond to its motion to dismiss in the New York Action as well as the instant motion are equally baseless and should be denied.

[10] The Complaint explains that, in order to avoid misleading consumers, the FDA has cautioned that, when the term "yogurt" is used as part of a product name (as it is with *Fruit 'n Yogurt Snacks),* it *"*expects that yogurt, or a substance derived from yogurt (i.e., yogurt powder) is used as an ingredient in their manufacture. **The ingredient must be or be derived from yogurt that complies with [21 C.F.R.] § 131.200**." *See* 86 Fed. Reg. 31124 (June 11, 2021) (emphasis added). It further alleges that the Defendant's so-called "yogurt powder" is not yogurt powder at all, as it is made from the combination of nonfat milk and *cultured whey*, which the FDA does not permit in yogurt. Complaint ¶ 29. If the so-called "yogurt powder" is not "derived from yogurt that complies with § 131.200," then the Product does not comply with FDA guidelines. It is clearly misleading to consumers to use the term "yogurt" as part of the product name when the product does not contain yogurt or ingredients derived from yogurt in any form. The Complaint also includes examples of yogurt-covered products that, unlike Defendant's product, comply with the FDA regulations and are not deceptive to consumers.

been educated by the legal perspicacity of Defendants' counsel and chosen to benefit therefrom." *United Transp. Union,* 107 F.R.D. at 393. Defendant also cannot complain (or be genuinely surprised) if the changes reflect the guidance imparted by the *McGarity* decision especially since that was the express reason Plaintiff sought to amend its complaint in the WDNY case, rather than file an opposition to Defendant's motion to dismiss.

Lastly, Rule 41(d) "permits an appeal to the permissive exercise of the court's authority as a matter of discretion and does not require the issuance of an automatic stay." *United Transp. Union,* 107 F.R.D. at 392; *see also Jacobs Trading, LLC v. Am. Eagle Trading Grp., LLC*, No. 16-cv-00406, 2016 U.S. Dist. LEXIS 133823, at *27-29 (D. Minn. Sep. 28, 2016) (application of 41(d) is "permissive" in nature). The court "must be guided by extreme caution in staying an action brought in good faith." *United Transp. Union,* 107 F.R.D. at 392. Here, Defendant articulates no basis for a stay, which would only serve to deny Plaintiff Soto his constitutionally guaranteed right to access the courts, and it does not explain why such is necessary to "re-level the playing field" (Mov. Mem. at 13) when one of the players is a multinational corporation engaged in deceptive business practices such as the Defendant.

For all the reasons set forth above, this Court should deny a stay of this matter, which was clearly brought in good faith and in an appropriate forum. The Court should not, however, prematurely judge the merits of the action on this poorly substantiated motion under FRCP 41(d) and should allow the case to proceed in the usual course.

## CONCLUSION

For these reasons, the motion should be denied in its entirety.

15

Dated: February 26, 2025
      White Plains, New York

Respectfully submitted,

**DENLEA & CARTON LLP**

By:     */s/ Catherine H. Friesen*
        Jeffrey I. Carton
        Catherine H. Friesen
        2 Westchester Park Drive, Suite 410
        White Plains, New York 10604
        Tel.: (914) 331-0100
        Fax: (914) 331-0105
        jcarton@denleacarton.com
        cfriesen@denleacarton.com

        *Attorneys for Plaintiff*