**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

-------------------------------------------------------------------X

RAMON SOTO and CHARLENE MORRIS,
individually and on behalf of all others similarly
situated,

                Plaintiffs,

    v.

PIM BRANDS, INC.,

                Defendant.

-------------------------------------------------------------------X

Case No.: 1:25-cv-00405 (ARW)

**DECLARATION OF CATHERINE H. FRIESEN IN OPPOSITION TO DEFENDANTS' MOTION FOR COSTS AND FEES UNDER RULE 41(d)**

    CATHERINE H. FRIESEN, being an attorney duly admitted to practice in the Southern and Eastern Districts of New York, hereby declares under penalty of perjury:

    1.    I am a member of the law firm of DENLEA & CARTON LLP, attorneys for plaintiffs Ramon Soto and Charlene Morris (together, the "Plaintiffs") in the above-captioned matter. I submit this declaration in opposition to Defendant Pim Brands, Inc.'s ("Defendant") motion for costs and fees under Rule 41(d) of the Federal Rules of Civil Procedure, and to stay the proceedings or "dismiss case, if necessary."

    2.    On June 18, 2024, Plaintiff Charlene Morris ("Plaintiff Morris") filed a putative class complaint against Welch Foods, Inc., in the Western District of New York, assigned docket number 24-cv-06385. Attached as Exhibit A is a true and correct copy of the Docket Report in that action.

3. On July 1, 2024, Sean Suber, Esq., counsel for Welch Foods, Inc., requested that Pim Brands be substituted as a defendant for Welch Foods Inc. Attached as Exhibit B is a true and correct copy of Mr. Suber's email dated July 1, 2024.

4. On July 19, 2024, to accommodate Mr. Suber's request and avoid unnecessary motion practice, Plaintiff Morris filed an amended complaint, adding Pim Brands as a defendant. A copy of that Amended Complaint is attached as Exhibit A to Mr. Suber's Declaration. As reflected in the Docket Report, Plaintiff Morris subsequently dismissed the action as to Welch Foods, Inc. At Mr. Suber's request, Plaintiff agreed to extend the time to respond to the Amended Complaint to September 23, 2024.

5. On September 23, 2024, Defendant Pim Brands filed a motion to dismiss the Amended Complaint, a copy of which is attached as Exhibit B to the Suber Declaration. Plaintiff's opposition was due October 24, 2024.

6. On October 2, 2024, I learned from a Pacer search that, on the previous day, a California district court had issued a decision granting a motion to dismiss a consumer class action complaint brought against a company which sold a yogurt-covered raisin product on preemption grounds. A copy of this decision issued in *McGarity v. Sun-Maid Growers of California*, 24-cv-0714 (S.D. CA October 1, 2024) is attached hereto as Exhibit C.

7. Finding that applicable federal regulation was "genuinely ambiguous regarding what must comply with the 'yogurt' standard of identity," the court deferred to the FDA's interpretation that "yogurt-covered products" did not need to comply, and thus found the claims as pled expressly preempted. Noting, however, "that the FDA also requires that yogurt-covered products be coated with a product containing yogurt powder derived from dried yogurt that conforms with the standard of identity for yogurt," and that "Plaintiff may have a claim where

the yogurt powder used in the Products' coating does not derive from yogurt," the court found that amendment is "not futile" and granted plaintiff leave to file an amended complaint by October 22, 2024.

8. Following an examination of the *McGarity* decision, Plaintiff determined that amending the complaint, rather than opposing Defendant's motion, was the prudent and necessary course of conduct. Plaintiff was unable to file a second amended complaint as of right however because it had previously amended the complaint at Defendant's request. Plaintiff therefore sought Defendant's consent to file an amended complaint. After a prolonged email exchange failed to result in an agreement between the parties, the Plaintiff wrote the Court on October 21, 2024, explaining the import of the recent decision in the Southern District of California and seeking an extension of time until November 15, 2024, to file a motion for leave to amend the amended complaint. A copy of Plaintiff's letter is attached hereto as Exhibit D.

9. By letter dated October 21, 2024, a copy of which is attached hereto as Exhibit E, Defendant opposed any extension of time and requested that the Court set an October 24th deadline for the Plaintiff to seek leave to file an amended complaint.

10. By text order dated October 22, 2024, the Court ordered briefing on the motion to dismiss to proceed as scheduled, and noted "If Plaintiff wishes to file for leave to amend, she may do so in the ordinary course as the court has yet to issue a deadline for amendment of pleadings." (*See* Docket Report, attached as Exhibit A, ECF Entry 25).

11. On October 23, 2024, having determined that the Amended Complaint required further amendment in light of the *McGarity* decision but requiring additional time to do so in a thoughtful and comprehensive manner (including time to review the Amended Complaint filed

3

by the *McGarity* plaintiff on October 22, 2024), Plaintiff elected not to file opposition to Defendant's motion, and instead filed a notice of voluntary dismissal without prejudice.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 26, 2025
    White Plains, New York


                   ___*/s/ Catherine H. Friesen*_____
                     Catherine H. Friesen