**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAMON SOTO and CHARLENE MORRIS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>PIM BRANDS, INC.,<br><br>        Defendant. | Case No. 1:25-cv-00405<br><br>Judge Andrea R. Wood |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

1. **Nature of the Case**

   A. **Attorneys of record for each party, including the lead trial attorney.**

*Counsel for Plaintiffs Ramon Soto and Charlene Morris*:

| | |
|---|---|
| Jeffrey I. Carton, Lead Trial Attorney | Elizabeth A. Fegan |
| Catherine H. Friesen | Ashali P. Chimata |
| **DENLEA & CARTON LLP** | **FEGAN SCOTT LLC** |

*Counsel for Defendant PIM Brands, Inc.:*

Amanda L. Groves, Lead Trial Attorney
Sean H. Suber
Tyree Petty-Williams
Heather M. Donato
**WINSTON & STRAWN LLP**

   B. **Service**

There are no parties that have not been served.

   C. **Basis for federal jurisdiction.**

This Court has jurisdiction under the Class Action Fairness Act of 2005 because (1) the amount in controversy exceeds $5,000,000.00, and (2) at least one member of the proposed class is diverse from the Defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff Ramon Soto resides in Illinois. Plaintiff Charlene Morris resides in New York. Defendant PIM Brands, Inc. is a Delaware corporation with its principal place of business in New Jersey.

   D. **Nature of the claims asserted in the Complaint and any counterclaims.**

**Plaintiffs' Position:** In this putative class action, Plaintiffs seek to redress Defendant PIM Brands' false and misleading marketing campaign for its *"Fruit 'n Yogurt"* product line ("the Product") which deceptively suggests that its *Fruit 'n Yogurt Snacks* are made with yogurt (in some form), when they are not. Rather, Plaintiffs allege that the Product is covered in a candy-like coating designed to provide the illusion of health while delivering the harms of an ultra-

processed food. Plaintiffs' Complaint sets forth causes of action against Defendant for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 502/1, *et seq*. and New York General Business Law ("GBL") §§ 349 and 350.

**Defendant's Position**: Defendant denies these allegations and, if necessary, will move to dismiss the Complaint. At this time, Defendant does not anticipate asserting any counterclaims.

E.  **State the major legal and factual issues in the case.**

**Plaintiffs' Position:** The core factual and legal issues are as follows: (1) whether Defendant's conduct, as alleged in the Complaint, constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 502/1, *et seq*. and New York General Business Law ("GBL") §§ 349 and 350; (2) whether Defendant labeled, packaged, advertised, marketed, and/or sold the Class Product with claims that it contained "yogurt" (in some form); (3) whether Defendant's labeling, packaging, advertising, marketing, and/or selling of the Class Product with claims that it contained "yogurt" (in some form) was and/or is false, fraudulent, deceptive, and/or misleading; (4) whether Plaintiffs and Class Members have been injured and the proper measure of their losses as a result of those injuries; and (5) whether Plaintiffs and Class Members are entitled to an award of compensatory/actual damages.

**Defendant's Position:** In addition to the issues above, other factual and legal issues include whether (1) Plaintiffs' claims are expressly or impliedly preempted by federal law; (2) a reasonable consumer would be misled or deceived by Defendant's conduct; (3) Plaintiffs' suffered an injury; and (4) Plaintiffs can satisfy the requirements of Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure to support the certification of any class in this case.

F.  **Describe the relief sought.**

Plaintiffs seek – on behalf of the putative classes – monetary damages, including statutory damages, and restitution, among other relief.

**2.    Case Plan**

    **A**.    **Identify all pending motions.**

Defendant's Motion for Costs and Fees and a Stay Under 41(d). *See* Dkt. No. 13.

    **B.**    **Response to Complaint.**

If the case proceeds past Defendant's Rule 41(d) Motion, Defendant will file a motion to dismiss under Rule 12(b) on the bases that Plaintiffs' claims are preempted by federal law, Plaintiffs lack standing, and Plaintiffs fail to state a claim upon which relief can be granted.

    **C.**    **Proposed discovery plan**

    **i. Type of discovery needed.** The parties contemplate interrogatories, requests for admission, depositions, document production, and expert discovery.

    **ii. ESI Discovery.** The parties expect discovery will encompass ESI for all parties. The parties have met and conferred about a Stipulated Protective Order and ESI Protocol to submit to the Court, and should the case proceed to discovery, the parties will submit these stipulations.

    **iii. Privilege Issues.** The parties have met and conferred about a Stipulated 502(d) Order, and if the case proceeds to discovery, the parties will submit a stipulated agreement.

    **iv**. **Deadline for Rule 26(a)(1) Disclosures.** The parties agree that the deadline for Rule 26(a)(1) initial disclosures should be April 2, 2025.

    **vii. Changes to Limitations on Discovery.** Each named plaintiff shall be treated as one party for purposes of *serving* discovery under Rules 33, 34, and 36.

    **v., vi., and viii.  Deadline for Completion of Fact and Expert Discovery.** Because Defendant's Rule 41(d) Motion, and, if necessary, motion to dismiss may resolve some or all of Plaintiffs' claims, the parties propose that, to preserve party resources, including time and money, no discovery shall be conducted until the resolution of Defendant's motions.

If the Court finds discovery should proceed, the parties propose these respective discovery schedules:

| Plaintiffs' Position | Defendant's Position |
|---|---|
| <ul><li>First Date for Written Discovery: 14 days after the filing of this Joint Initial Status Report.</li><li>Deadline for Completion of Fact Discovery: 270 days after the parties' exchange of Rule 26 disclosures.</li><li>Deadline for Plaintiffs' Motion(s) for Class Certification and Supporting Expert Reports: 60 days after the close of fact discovery.</li><li>Deadline for Defendant's Opposition, Designation of Experts, and Accompanying Expert Reports: 60 days after the filing of Plaintiffs' motion(s) for class certification.</li><li>Deadline for Plaintiffs' Replies in Support of Class Certification: 30 days after the filing of Defendant's opposition.</li></ul>Plaintiffs propose that, within 30 days of the Court's decision on Plaintiffs' motion for class certification, the parties shall confer in good faith regarding any remaining merits discovery (both factual and expert), as well as deadlines for dispositive motions, service of Rule 26(a)(2) expert reports, and the pre-trial order.<br><br>Contrary to Defendant's assertion, Plaintiffs do not propose a bifurcation of "class" and "merits" discovery. Given the overlapping issues, most fact and expert discovery will need to be completed before making a motion for class certification. There may, however, be additional expert and fact discovery not necessary for class certification, and Plaintiffs believe it is more cost and time effective to allow the parties to confer in good faith regarding any additional discovery required after a decision on the motion for class certification. | <ul><li>Fact Discovery Cutoff: October 3, 2025</li><li>Expert Disclosures on Issues Party Has Burden of Proof: October 31, 2025</li><li>Rebuttal Expert Disclosures: December 12, 2025</li><li>Expert Discovery Cutoff: February 6, 2026</li><li>Daubert Motions Deadline: March 6, 2026</li><li>Daubert Oppositions: April 10, 2026</li><li>Daubert Replies: May 1, 2026</li><li>Class Cert. Deadline: May 29, 2026</li><li>Class Cert. Opposition: July 31, 2026</li><li>Class Cert. Reply: August 28, 2026</li><li>Summary Judgment Deadline: 30 days after resolution of Class Cert. Motion and Daubert Motions (whichever is later)</li><li>Summary Judgment Response(s): 60 days after Summary Judgment Motion</li><li>Summary Judgment Response(s): 60 days after Summary Judgment Motion</li><li>Summary Judgment Repl(y/ies): 30 days after Summary Judgment Response(s)</li></ul>Defendant believes it is inefficient, costly, and against best practices to bifurcate discovery and separately have class certification discovery and then "merits discovery (both factual and expert)" as proposed by Plaintiffs.<br><br>Plaintiffs claim that they do not propose a bifurcation of discovery, but that claim cannot be squared with their explicit request to leave the door open for "additional expert and fact discovery not necessary for class certification." By definition, that is bifurcating discovery. The more efficient approach, as Defendant proposes, is to have discovery (fact and expert) happen one time for all issues, which is customary and obviously more cost-efficient than doing discovery twice. |

D.  **Jury demand and the estimated length of the trial.**

Plaintiffs have requested a jury trial. The length of trial is estimated to be **seven** days.

3.  **Settlement**

The parties have not had settlement discussions and do not believe such discussions are productive at this time. Accordingly, the parties do not request a settlement conference.

4.  **Consent to Proceed Before a Magistrate Judge**

Counsel have advised the parties they may proceed before a Magistrate Judge. The parties do not unanimously consent to the proceed before the assigned Magistrate Judge.

Dated: March 12, 2025                               Respectfully submitted,

| | |
|---|---|
| */s/ Elizabeth A. Fegan* <br> Elizabeth A. Fegan <br> FEGAN SCOTT LLC <br> 150 S. Wacker Dr., 24th Floor <br> Chicago, IL 60606 <br> Ph: 312.741.1019 <br> Fax: 312.264.0100 <br> Beth@feganscott.com <br><br> Ashali P. Chimata* <br> FEGAN SCOTT LLC <br> 1763 Columbia Road NW <br> Suite 100 <br> Washington, D.C. 20009 <br> Ph: 202.921.0002 <br> Fax: 312.264.0100 <br> Ashali@feganscott.com <br><br> Jeffrey I. Carton* <br> Catherine H. Friesen* <br> DENLEA & CARTON LLP <br> 2 Westchester Park Drive, Suite 410 <br> White Plains, New York 10604 <br> Tel. No.: (914) 331-0100 <br> jcarton@denleacarton.com <br> cfriesen@denleacarton.com <br><br> *Counsel for Plaintiffs* | By:  */s/ Sean H. Suber* <br> Sean H. Suber <br> Tyree Petty-Williams <br> Winston & Strawn LLP <br> 35 W. Wacker Dr. <br> Chicago, IL 60601-9703 <br> (312) 558-5600 <br> SSuber@winston.com <br> TPettyWilliams@winston.com <br><br> Amanda L. Groves* <br> Winston & Strawn LLP <br> 333 South Grand Avenue, 38th Floor <br> Los Angeles, CA 90071-1543 <br> (216) 615-1700 <br> AGroves@winston.com <br><br> Heather A. Donato* <br> Winston & Strawn LLP <br> 200 Park Avenue <br> New York, NY 10166 <br> (212) 294-6700 <br> HDonato@winston.com <br><br> *Counsel for Defendant* <br> *PIM Brands, Inc.* <br><br> *Pro Hac Vice* |

5