UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE MORRIS and RAMON SOTO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PIM BRANDS, INC., <br><br> Defendant. | Case No.: 1:25-cv-00405 <br><br> Hon. Andrea R. Wood <br><br> Magistrate Judge Jeannice W. Appenteng |

**REPLY IN SUPPORT OF DEFENDANT PIM BRANDS, INC.'S
MOTION FOR COSTS AND FEES UNDER RULE 41(d),
<u>AND TO STAY PROCEEDINGS OR DISMISS CASE, IF NECESSARY</u>**

Amanda L. Groves*
WINSTON & STRAWN LLP
333 South Grand Avenue
38th Floor
Los Angeles, CA 90071-1543
(216) 615-1851
AGroves@winston.com

Sean H. Suber
Tyree Petty-Williams
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601-9703
(312) 558-7436
SSuber@winston.com
TPettyWilliams@winston.com

Heather M. Donato*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
HDonato@winston.com

*Counsel for Defendant PIM Brands, Inc.*

*Admitted Pro Hac Vice

– i –

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ...........................................................................................................................1

    I.     Defendant is Entitled to an Award of Costs Despite Plaintiffs' Asserted Good Faith. .......................................................................................2

    II.    Defendant is Also Entitled to Attorneys' Fees. ........................................................5

    III.   Rule 41(d) Relief is Not Reserved for Lengthy or Complex Litigation. ................................................................................................................10

    IV.   Staying This Case is the Standard and Appropriate Remedy. ...............................11

CONCLUSION ......................................................................................................................11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*De Mañez v. Bridgestone Firestone N. Am. Tire, LLC*,
   533 F.3d 578 (7th Cir. 2008) ..................................................................................................6

*Embrey v. St. Charles Trading, Inc.*,
   2024 WL 916235 (N.D. Ill., Mar. 4, 2024)...............................................................................11

*Esposito v. Piatrowski*,
   223 F.3d 497 (7th Cir. 2000) ....................................................................................5, 6, 7, 10

*Gallo v. Inter-Con Sec. Sys.*,
   2021 U.S. Dist. LEXIS 166061 (S.D.N.Y. Sept. 1, 2021)........................................................2

*Gay v. Chandra*,
   682 F.3d 590 (7th Cir. 2012) ....................................................................................................3

*Johnson v. Hous. Auth. of S. Bend*,
   2023 WL 3115944 (N.D. Ind. Apr. 26, 2023) ..........................................................................9

*Mach v. Will County Sheriff*,
   580 F.3d 495 (7th Cir. 2009) ................................................................................................8, 9

*McGarity v. Sun-Maid Growers*,
   2024 WL 4370578 (S.D. Cal. Oct. 1, 2024) ....................................................................4, 5, 8

*Metokote Corp. v. Wallace Herdlein & Assocs., Inc.*,
   1992 WL 233977 (N.D. Ill. Sep. 11, 1992) ............................................................................10

*Morris v. Welch Foods Inc.*,
   No. 6:24-cv-6385, Doc. 24 (W.D.N.Y.) ...................................................................................4

*MSP Recovery Claims, Series 44, LLC v. Zurich Am. Ins. Co.*,
   2024 WL 1514133 (N.D. Ill. Mar. 25, 2024).................................................................2, 3, 11

*New Louisiana Holdings, LLC v. Arrowsmith*,
   2012 WL 6061710 (N.D. Ill. Dec. 4, 2012)..................................................................... passim

*Reese v. Lewis*,
   2007 WL 9817930 (N.D. Ill. Oct. 26, 2007).........................................................................10

*Rogers v. Wal-Mart Stores, Inc.*,
   230 F.3d 868 (6th Cir. 2000) ....................................................................................................7

*Squillante v. Cigna Corp.*,
    2012 WL 5974074 (S.D.N.Y. Nov. 28, 2012) ............................................................................5

*Tsukerman v. W. Cmty. Unit Sch. Dist. No. 12*,
    796 F. App'x 312 (7th Cir. 2020) ...............................................................................2, 3, 11

*Woodhaven Homes & Realty, Inc. v. Hotz*,
    2007 WL 30882 (E.D. Wis. Jan. 4, 2007) ..............................................................................11

**Statutes**

N.Y. Gen. Bus. Law § 349(h) .............................................................................................5

N.Y. Gen. Bus. Law § 350 ..................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 41(d) ................................................................................................ *passim*

Fed. R. Civ. P. 41(d)(1) ......................................................................................................1

Fed. R. Civ. P. 41(d)(2) ..................................................................................................1, 11

## INTRODUCTION

Plaintiffs spend much of their brief making ad hominem attacks against defense counsel, muddying the facts, and attempting to heighten the standard necessary to grant relief. But in the end, Plaintiffs concede every required element for costs under Rule 41(d): "If a plaintiff who [1] previously dismissed an action in any court [2] files an action based on or including the same claim [3] against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action[.]" Fed. R. Civ. P. 41(d). None of these factors are in dispute.

"Plaintiffs do not dispute that this case involves essentially the same claims and one of the same plaintiffs [Morris] as a prior action filed in the Western District of New York." Doc. 20 ("Resp.") at 5. They concede that in her original action against Defendant, Morris "elected not to file opposition to Defendant's motion [to dismiss], and instead filed a notice of voluntary dismissal[.]" *Id.* at 4. Plaintiffs concede that Morris decided to dismiss and refile to avoid an adverse ruling, as "[t]he *McGarity* decision … provided a significant roadmap to an amendment that would avoid the potential preemption pitfall identified by Defendant." *Id.* at 3. And they admit that pursuing this new action gives them a tactical advantage they otherwise would not have, as "the Amended Complaint required further amendment in light of the *McGarity* decision," but Morris "requir[ed] additional time to do so in a thoughtful and comprehensive manner[.]" *Id.* at 4. These concessions meet every element of the Rule. Thus, the Court should award Defendant its costs and fees under Rule 41(d)(1) and stay the proceedings pending payment under Rule 41(d)(2).

Plaintiffs' only defense to a costs award and accompanying stay pending payment is that Morris (assertedly) did not act in bad faith. But Plaintiffs acknowledge that "a showing of 'bad faith' is not required to impose costs under Rule 41(d)[.]" Resp. 11, n.6. Rather, as Judge Seeger succinctly stated, "[t]he idea of Rule 41(d) is that a party can't bring a case, drop it, impose costs

– 1 –

on a defendant, and then file suit somewhere else, and expect to get off scot-free." *MSP Recovery Claims, Series 44, LLC v. Zurich Am. Ins. Co.*, 2024 WL 1514133, at *1 (N.D. Ill. Mar. 25, 2024). That is exactly what happened in this case, and the Court should award costs accordingly.

The only remaining dispute is whether this Court can award attorneys' fees to Defendant because of Morris's strategic decisions. As shown below, it can and should. Plaintiffs have imposed unnecessary attorneys' fees on Defendant, irrespective of whether they intended to (which is not the test), and these fees should be reimbursed. Defendant's Rule 41(d) Motion should be granted in its entirety, and this Court should stay proceedings until all outstanding payments are satisfied.

## ARGUMENT

### I. Defendant is Entitled to an Award of Costs Despite Plaintiffs' Asserted Good Faith.

Plaintiffs do not dispute that this case satisfies every element for relief under Rule 41(d). Instead, they make a lot of Morris's supposed "good faith" reasons for dismissing the original action in New York and refiling it here, suggesting that there is no evidence of "nefarious intent," "wrongdoing," or the like. Resp. 6. But that is merely a distraction. As Plaintiffs themselves acknowledge, "Defendant is correct" that no finding of bad faith is required to impose costs. *See* Resp. 11 n.6. Plaintiffs' only support for the proposition that a good faith reason gets them off the hook for imposing unnecessary costs on Defendant comes from a single unpublished case out of New York that applies a legal standard only relevant to Second Circuit litigants. *See* Resp. 5 (citing *Gallo v. Inter-Con Sec. Sys.*, 2021 U.S. Dist. LEXIS 166061, at *29 (S.D.N.Y. Sept. 1, 2021) (relying on Second Circuit law for the proposition that Rule 41(d) contemplates bad faith and a plaintiff's motives)). However, plaintiffs cannot claim good faith since they clearly came to this circuit to pursue more favorable law and jurists. And *Gallo* is not the law of this Circuit.

Binding Seventh Circuit authority holds that a district court may impose Rule 41(d) costs if the factors outlined in the Rule are met. *See Tsukerman v. W. Cmty. Unit Sch. Dist. No. 12*, 796

– 2 –

F. App'x 312 (7th Cir. 2020). In *Tsukerman*, the Seventh Circuit affirmed a district court's imposition of Rule 41(d) costs on a *pro se*, indigent plaintiff even though he insisted that the district court "should have to consider a plaintiff's ability to pay, along with other factors (including their good faith and the merits of the claim) . . . when considering whether to require payment of costs under Rule 41(d)." *Id* at 313. Tsukerman had asserted that the district court abused its discretion in ordering costs "because he is indigent, he brings the action in good faith, and his attorney dismissed the case without [his] permission." *Id*. But the Seventh Circuit said that, like Plaintiffs here, "Tsukerman is incorrect." *Id.* The court emphasized that "courts can bar *future* suits as a sanction to pay past court costs even if the litigant is indigent" and affirmed the imposition of fees and its dismissal of the case for failure to prosecute. *Id*. (citing *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012) (emphasis in original)).

The *Tsukerman* court contemplated whether a district court deciding a Rule 41(d) motion should be required to consider a plaintiff's good faith, motives, and other factors but declined to make such a ruling. Thus, this Court need not consider factors beyond the Rule or make a premature finding on the merits, as Plaintiffs suggest. *See* Resp. 14. Accordingly, because Plaintiffs agree that the Rule 41(d) factors are satisfied here, there is no authority suggesting that they should "get off scot-free." *MSP Recovery*, 2024 WL 1514133, at *1.

Even if the Court elects to rely on Morris's asserted motives (and it should not), the facts in Plaintiffs' opposition do not show the purported good faith Plaintiffs assert. As Defendant explained in its opening brief, Plaintiffs' inexplicable shift from the Southern District of New York to this District is strong evidence of forum shopping. Plaintiffs attempt to sidestep this reality by highlighting that counsel sought to widen the original class before the adverse *McGarity* decision was released. Resp. 10. But even if the original court would have granted leave for another

amended complaint, the widened class action would have remained in New York before that court. Plaintiffs do not explain why, expanded class or not, the action is now in this District.

Further, Morris's only stated reason for dismissing the original action was so her counsel could strategically manufacture "additional time" to analyze and incorporate the *McGarity* decision. Resp. 4. Yet her opposition to the present motion conveniently ignores that she had *over three weeks* to analyze and incorporate the *McGarity* decision into her opposition to a motion to dismiss or a motion to amend her complaint. *See McGarity v. Sun-Maid Growers*, 2024 WL 4370578 (S.D. Cal. Oct. 1, 2024); Doc. 21, Friesen Decl., ¶ 6 (Plaintiffs' counsel became aware of the *McGarity* decision on **October 2, 2024**); Friesen Decl. ¶ 5 (Morris's opposition to the original motion to dismiss was due **October 24, 2024**). Despite having ample time to revise her position, Plaintiffs' counsel did not reach out to Defendant for consent to file a second amended complaint until **October 16, 2024**—a full **two weeks** after Plaintiffs' counsel learned of the *McGarity* decision. Suber Decl. ¶ 2.

Plaintiffs' counsel made the same case they make now to the district court in New York when seeking additional time, but the Court declined to hear it after PIM explained (1) that Morris had considerable time to move to amend her complaint following the *McGarity* decision; (2) how nothing was stopping her from seeking leave to amend under the Rules; and (3) how she simply refused to seek leave to amend unless PIM withdrew its motion to dismiss and gave Morris over an additional month to make up a new theory. *See Morris v. Welch Foods Inc.*, No. 6:24-cv-6385, Doc. 24 (W.D.N.Y.).

Morris's lack of time to amend the complaint was due to her own dilatory choices, which offer no excuse for imposing costs on Defendant. And, as discussed below, in the face of an impending adverse decision from the original court, Morris granted herself a de facto extension of

– 4 –

time to adjust to the *McGarity* decision by strategically dismissing the original action and refiling it here—starting this controversy anew and duplicating the costs that Defendant will have to incur to defend against the latest iteration of her claims.

## II. Defendant is Also Entitled to Attorneys' Fees.

Plaintiffs incorrectly argue that attorneys' fees are not recoverable under Rule 41(d) here. Resp. 11. In truth, this Court can and should award attorneys' fees under Seventh Circuit precedent.

*First*, fees *can* be awarded here. The Seventh Circuit explained in *Esposito v. Piatrowski*, that "fees may be awarded under Rule 41(d) if the plaintiff revives the lawsuit" and "the underlying statute that is the basis of the original action permits the recovery of fees as costs." 223 F.3d 497, 501 (7th Cir. 2000). Plaintiffs claim that "neither of the underlying statutes at issue in the New York action (NYGBL §§ 349 and 350) authorizes the award of attorneys' fees." Resp. 11. But this is incorrect.

Plaintiffs cite no law saying fees are not authorized under the NYGBL because there is none. It is well-established that the NYGBL permits the recovery of fees. *See, e.g.*, *Squillante v. Cigna Corp.*, 2012 WL 5974074, at *3 (S.D.N.Y. Nov. 28, 2012) ("Section 349(h) … provides that, in [] private actions, the court . . . may provide for reasonable attorneys' fees."); *see, e.g.*, N.Y. Gen. Bus. Law § 349(h) ("The court may award reasonable attorney's fees") (citation omitted).

To be sure, Morris originally brought claims under Sections 349 and 350 of the New York General Business Law ("NYGBL") *and sought "attorneys' fees and costs"* under the statutes. *See* Doc. 13-3, NY Action Compl., ¶ 49 ("Defendants' conduct, as alleged herein, constitutes deceptive acts and practices in violation of Section 349 of the New York General Business Law and Defendants are liable to Plaintiff and the Class for . . . attorneys' fees and costs."); *id.* ¶ 57 (same but under Section 350); *id.* "Prayer for Relief" ¶ D (requesting "costs, and attorneys' fees" under the NYGBL). And for good measure, Morris is still bringing her NYGBL claims *and is still seeking*

"*attorneys' fees and costs*" under the statutes. *See* Doc. 1, Compl., ¶¶ 83, 91 & Prayer for Relief ¶ E (seeking "costs, and attorneys' fees" under the NYGBL). If fees were not authorized under the NYGBL, on what basis has Morris been seeking such fees?

Moreover, it is worth noting that courts have inherent authority to award attorneys' fees against vexatious plaintiffs irrespective of the Rule. The strikingly similar posture in *New Louisiana Holdings, LLC v. Arrowsmith* is illustrative. There, the plaintiffs brought a complaint in the Southern District of New York even though the parties had previously agreed to submit to jurisdiction in Illinois. *See* 2012 WL 6061710, at *2 (N.D. Ill. Dec. 4, 2012). Just months later, as the defendants prepared to file a motion to dismiss, the plaintiffs voluntarily dismissed the action and refiled it in the Northern District of Illinois. *Id.* at *2, *11–12. The defendants sought attorneys' fees under Rule 41(d), but the plaintiffs argued, as here, "that under *Esposito,* 'courts may only award attorneys fees as 'costs' under Rule 41(d) when the underlying statute would have allowed for the recovery of attorneys' fees.'" *Id.* at *10. The court ruled that "Plaintiffs' argument on this point is without merit" because "district courts have the inherent authority to order an award of attorneys' fees under certain circumstances, such as where a party has acted in bad faith *or inflicted unnecessary costs on the court or the defendants*." *Id.* (emphasis added) (citing *De Mañez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008) (noting that "courts retain inherent power to punish the full range of litigation abuses," *which includes "an act that inflict[s] needless costs on the court and the defendants*") (emphasis added)).

The defendants thus successfully argued that they incurred unnecessary fees "researching case law concerning Plaintiffs' two statutory discrimination claims in the Second Circuit and the Southern District of New York, and in drafting a motion to dismiss that relied on that case law in the New York Action." *Id.* at *9. The court awarded $11,944.60 for time spent drafting and revising

– 6 –

the motion to dismiss. Meaningfully, the court imposed a high bar to denying relief, stating that "although it is plausible that they could have made substantially similar arguments before this Court as those contained in their motion to dismiss for the Southern District of New York, ***it is unlikely that they could have replicated that work verbatim*** into a new document to be filed before this Court." *Id*. at *12 (emphasis added). The same result should follow here. Because the Court's inherent authority is clear, Plaintiffs' arguments on this point should, therefore, be rejected.

*Second*, fees *should* be awarded here because, as the Seventh Circuit explained in *Esposito*, courts may order attorneys' fees "to deter forum shopping and vexatious litigation" under a variety of "certain factual circumstances" 223 F.3d at 500, n.5. And, as explained in the opening motion, the circumstances of this case warrant fees because Plaintiffs unnecessarily raised costs by forum shopping to avoid a setback in their original court of choice.

Indeed, Defendant pointed out that Morris created unnecessary costs for Defendant after she suffered a "setback[] in one court" and then dismissed her case to try her luck here to "gain a[] tactical advantage by dismissing and refiling th[e] suit." Doc. 13-1 (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000)). In response, Plaintiffs argue that Defendant's argument is insufficient because "bad faith" must be shown and "Defendant . . . does not argue (nor could it) that Plaintiff's actions amount to 'bad faith.'" Resp. 11. But again, Plaintiffs are incorrect.

Under Seventh Circuit precedent, Defendant does not need to show "bad faith" to receive an award of attorneys' fees. Contrary to Plaintiffs' misleading citation, the Seventh Circuit explained that bad faith is just "[o]ne such example" that a party could show to recover fees. *See Esposito*, 223 F.3d at 500, n.5. The ultimate goal is "to deter forum shopping and vexatious litigation." *Id.* at 501. And as Defendant explained, limiting the inquiry to a plaintiff's subjective

motivations of bad faith is unnecessary (Mem. at 7). Nonetheless, as the Seventh Circuit has explained, Defendant has not waived the argument because "bad faith" includes a variety of conduct that Defendant has consistently pointed out in this case, including "unnecessary delay" and "needless increase in the cost of litigation." *Mach v. Will County Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009).

Thus, Morris's actions meet the mark. There is no longer a dispute that she only moved this case from New York after she learned about an adverse legal ruling, sat on her hands for *weeks* without drafting an amended complaint, and then unsuccessfully sought "additional time"—nearly a month—to draft a new complaint. *See id*. at 3–4. Morris's dilatory waste of at least two weeks before attempting to amend her complaint is the only reason she required "additional time" to properly respond to Defendants' motion to dismiss. *Id.* at 4. And it was because she failed to respond promptly to the *McGarity* decision by at least seeking consent or leave to amend sooner than the final hour that she felt that dismissal became "the most prudent and responsible course of action" for her. *See id.* at 9. In fact, she concedes that it was only after the New York court refused to give her the time she wanted for that case that she "dismissed it to remedy defects that had been brought to [her] attention" and did so to "spare[] her the time and expense" of taking the approach the court ordered. *Id.* at 8, 12. Had Morris not wasted time, she could have sought leave to amend her complaint sooner, the parties would still be in New York, and Defendant would not have been burdened with the expenses that accompanied restarting this litigation and bringing this motion.[1]

---

[1] Plaintiffs fallaciously argue that Morris's decision to dismiss and refile her action elsewhere actually "spared Defendant time and expense" because Defendant's motion to dismiss would have eventually been mooted had she filed a second amended complaint. Resp. 8. This makes no sense. Defendant's motion to dismiss would not have been moot unless Morris filed a second amended complaint. She did not, so Defendant is currently saddled with the duplicative and unnecessary expenses of this case. And if Morris had received leave to amend her complaint in the original action, Defendant would not have had to file the instant motion, the bench letters, or an eventual new motion to dismiss before this Court. Thus, pursuing

Accordingly, Defendant is entitled to attorneys' fees because Plaintiffs' strategic litigation tactics "inflicted unnecessary costs on the court or the defendant." *See New La. Holdings, LLC* at \*10; *accord Mach*, 580 F.3d at 501 (explaining that improper tactics include "unnecessary delay" and "needless increase in the cost of litigation"). As discussed, this is the essence of vexatious litigation, which does not require a finding that Plaintiffs *intended* to disadvantage or impose costs on Defendant. *See Johnson v. Hous. Auth. of S. Bend*, 2023 WL 3115944, at \*6 (N.D. Ind. Apr. 26, 2023) ("In any event, litigation may be vexatious without impugning Ms. Johnson's motives."). Regardless of Morris's intentions, Plaintiffs should not be rewarded, and Defendant should not have to foot the bill, because Morris made the best (for herself) of a conundrum she created. Even though Defendant is faced with the unnecessary expenses of researching and drafting the motion to dismiss, the bench letter defending the motion, and the opening brief and reply brief in support of the instant motion, Plaintiffs contend that no fees are warranted because a substantial portion of the original motion to dismiss can be reused. Resp. 13. This argument ignores the facts. Not only is this action in a new Circuit, but the Complaint also asserts additional causes of action, relies on additional statutes, and asserts facts relevant to a new Plaintiff (Soto).[2] Thus, as ruled in *New Louisiana Holdings*, even if Defendant is forced to make "substantially similar arguments before this Court as those contained in their motion to dismiss for the Southern District of New York, it is unlikely that [Defendant can] replicate[] that work verbatim into a new document to be filed

---

the original action and amending the complaint—not dismissing and refiling—would have spared additional expenses for Defendant. Such is the entire purpose of Rule 41(d).

[2] Plaintiffs assert that by pointing out that the instant Complaint has been intentionally changed to undercut Defendant's prior arguments in its motion to dismiss, Defendant concedes that the new complaint is substantively different. Resp. 14. Plaintiff creates a false dichotomy, arguing as if the Complaint can only be *identical* or *substantively different from* the original. In truth, as Defendant illustrates in its opening brief, the Complaint is identical on the facts yet different in that Plaintiff made minor changes to preempt future arguments from Defendant. This subtlety highlights the applicability of Rule 41(d) and the tactical advantage Plaintiffs' legal maneuvering has afforded.

before this Court." 2012 WL 6061710, at *12. Accordingly, the similarity in a presumed second motion to dismiss does not impede the Court from awarding fees here.

Rather, this Court should liberally award attorneys' fees to Defendant because, as the *Esposito* court held, doing so "advances the purpose of Rule 41(d)[.]" *Esposito*, 223 F.3d at 501.[3]

### III. Rule 41(d) Relief is Not Reserved for Lengthy or Complex Litigation.

Plaintiffs contend that relief is inappropriate in this case because courts appear to only grant Rule 41(d) awards in cases that "involve dismissals after lengthy litigation and substantively significant adverse rulings." Resp. 7. Once again, Plaintiffs inject a more onerous standard than required. Rule 41(d) does not mention the length of litigation, the extent of the costs imposed, or the complexity of the facts as barriers to relief. And numerous courts have granted Rule 41(d) costs on a similarly lean procedural posture. *See New La. Holdings, LLC*, 2012 WL 6061710, at *2 (awarding costs and fees where dismissal occurred before motion to dismiss filing); *Metokote Corp. v. Wallace Herdlein & Assocs., Inc.*, 1992 WL 233977, at *1 (N.D. Ill. Sep. 11, 1992) (imposing costs despite "an attenuated, but rather uncomplicated, procedural history" that did not get beyond the pleadings); *Reese v. Lewis*, 2007 WL 9817930, at *3 (N.D. Ill. Oct. 26, 2007) (imposing costs of $400.30 after the original case was involuntarily dismissed without prejudice for want of prosecution following removal to federal court). In none of these cases, and in none of the cases Plaintiffs cite, do the courts suggest that Rule 41(d) only compensates costs and fees incurred during lengthy litigation or just before a pending summary judgment ruling. So, again, this Court should disregard Plaintiffs' attempt to fabricate a heightened standard.

---

[3] Defendant renews its request to submit a separate fee petition within two weeks of the resolution of this motion that details Defendant's unnecessary costs and fees in the New York action and in filing this motion. *See* Doc. 13-1 at 12.

**IV.    Staying This Case is the Standard and Appropriate Remedy.**

Plaintiffs falsely claim, with no authority, that Defendant needs to offer an independent basis for staying this action. This assertion is unfounded, as the basis for a stay is squarely within the statute. *See* Fed. R. Civ. P. 41(d)(2) (stating that a court "may stay the proceedings until the plaintiff has complied" with an order for costs).

Further, it is within the ordinary course for courts to stay proceedings when granting a Rule 41(d) motion. *See MSP Recovery*, 2024 WL 1514133, at *3; *Embrey v. St. Charles Trading, Inc.*, 2024 WL 916235, at *5 (N.D. Ill., Mar. 4, 2024); *Woodhaven Homes & Realty, Inc. v. Hotz*, 2007 WL 30882, at *2 (E.D. Wis. Jan. 4, 2007) ("[P]ursuant to Rule 41(d), the Court ordered Woodhaven to pay Robbins $17,040.42 in attorney's fees, and imposed a stay on proceedings not to be lifted until such payment was made."); *Tsukerman*, 796 F. App'x at 312 (affirming a district court's stay of the proceedings and ultimate dismissal when the plaintiff failed to pay costs). As courts routinely find, a stay is the most sensible remedy for preserving Plaintiffs' rights while enforcing Rule 41(d).

Accordingly, despite Plaintiff's one-off musing, there is no concern that Plaintiff Soto's constitutional right to be heard is in jeopardy. Resp. 15. And Plaintiff points to no courts that have entertained such a concern. Simply, if this Court grants the present motion and stays the proceedings, either (1) Morris will pay the costs, in which case the stay will be lifted, or (2) Morris's claims can be dismissed with prejudice, in which case Plaintiff Soto's claims remain intact. Either way, Soto's right to be heard is preserved. Thus, this Court should exercise its indisputable authority to immediately stay proceedings upon granting this motion for costs and fees and dismiss this action if Morris does not pay.

## CONCLUSION

For these reasons and those in Defendant's moving brief, this Court should grant PIM's motion in its entirety and **(1)** award Defendant costs and attorneys' fees incurred litigating the New

– 11 –

York Action and PIM's costs and fees for the instant Motion; **(2)** set a schedule for PIM to file a fee petition detailing those costs and fees; and **(3)** immediately stay further proceedings until all outstanding fees and costs are satisfied, and dismiss this action if Morris fails to comply.

Dated: March 12, 2025
Chicago, Illinois

Respectfully submitted,

By: */s/ Sean H. Suber*
Sean H. Suber
Tyree Petty-Williams
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601-9703
(312) 558-5600
SSuber@winston.com
TPettyWilliams@winston.com

Amanda L. Groves*
WINSTON & STRAWN LLP
333 South Grand Avenue
38th Floor
Los Angeles, CA 90071-1543
(216) 615-1700
AGroves@winston.com

Heather M. Donato*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
HDonato@winston.com

*Counsel for Defendant PIM Brands, Inc.*

*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2025, I caused the attached copy of the foregoing to be served on the following persons by electronic case filing:

Elizabeth A. Fegan
Megan E. Shannon
**Fegan Scott LLC**
150 S. Wacker Dr.,
24th Floor
Chicago, IL 60606
beth@feganscott.com
megan@feganscott.com
(312) 741-1019

*Attorney for Plaintiffs Charlene Morris and Ramon Soto*

/s/ *Sean H. Suber*
*Attorney for Defendant*