UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE MORRIS and RAMON SOTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIM BRANDS, INC.,<br><br>Defendant. | Case No.: 1:25-cv-00405<br><br>Hon. Andrea R. Wood |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant PIM Brands, Inc. ("PIM") writes this response to Plaintiffs' Notice of Supplemental Authority (Doc. 30) to emphasize that the latest *McGarity* ruling is ***irrelevant*** to the Rule 41(d) Motion immediately before this Court. The parties have discussed the prior *McGarity v. Sun-Maid Growers,* 2024 WL 4370578 (S.D. Cal. Oct. 1, 2024) in a very narrow context: to highlight that its adverse ruling motivated Morris to dismiss the original action in New York district court and refile it here—which Morris has admitted. *See* Doc. 20 at 3. *McGarity*'s relevance has always begun and ended there. To be sure, unlike here, those plaintiffs *amended* their complaint and did not dismiss and refile their action elsewhere. Thus, the *McGarity* court has not contemplated a Rule 41(d) motion or any resultant prejudice to the defendant. Further, the decision in *McGarity* has no bearing on an inescapable fact to which Morris has no response: Morris, *rather than* amending her complaint (as Plaintiffs misstate in their Notice), has inexplicably increased costs by requiring PIM to start from scratch in a new jurisdiction. The latest *McGarity* ruling is unilluminating on these issues. It offers no support to Plaintiffs' hindsight-biased argument that

1

Morris's dismissal was in good faith, and PIM has already outlined why Plaintiffs' purported "good faith" is inapposite, in any event. *See* Doc. 23 at 2. If anything, as PIM explained at the hearing for the instant motion, *McGarity* only further highlights that Morris's moving this case to an entirely different jurisdiction will unnecessarily *increase* costs and prejudice PIM, as PIM now has to explain how preemption differs in this Circuit as opposed to the Ninth Circuit or Second Circuit, where this case was originally filed.

Dated: August 6, 2025

Respectfully submitted,

By: */s/ Sean H. Suber*
Sean H. Suber
Tyree Petty-Williams
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601-9703
(312) 558-5600
SSuber@winston.com
TPettyWilliams@winston.com

Amanda L. Groves*
WINSTON & STRAWN LLP
333 South Grand Avenue
38th Floor
Los Angeles, CA 90071-1543
(216) 615-1700
AGroves@winston.com

Heather M. Donato*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
HDonato@winston.com

*Counsel for Defendant PIM Brands, Inc.*

*\*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

Sean Suber, attorney for Defendant, certifies that on this 6th day of August, 2025, I caused the attached copy of **Defendant PIM Brands, Inc.'s Response to Plaintiffs' Notice of Supplemental Authority** to be served on the following persons by ECF:

> Elizabeth A. Fegan
> **Fegan Scott LLC**
> 150 S. Wacker Dr.,
> 24th Floor
> Chicago, IL 60606
> beth@feganscott.com
> (312) 741-1019

*Attorney for Plaintiffs Charlene Morris and Ramon Soto*

/s/ *Sean H. Suber*
*Attorney for Defendant*