IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON SOTO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 25-cv-00405 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| PIM BRANDS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons stated in the accompanying Statement, Defendant's motion for costs and fees pursuant to Federal Rule of Civil Procedure 41(d), and to stay proceedings or dismiss the case, if necessary, [13] is granted. Defendant is ordered to submit a petition for costs and fees by 10/8/2025. Proceedings in this matter are stayed pending resolution of the costs and fees petition and Plaintiffs' compliance. Telephonic status hearing set for 10/22/2025 at 8:45 AM. The call-in number is (650) 479-3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

## STATEMENT

Plaintiffs Ramon Soto, a resident of Illinois, and Charlene Morris, a resident of New York, bring this putative class action against Defendant PIM Brands, Inc. ("PIM"), a marketer, seller, and distributor of various fruit-based juices and food products. Specifically, Plaintiffs allege PIM has engaged in a false and misleading marketing campaign that deceptively suggests its "Fruit n' Yogurt" products are made with actual yogurt. Before the Court is PIM's motion for costs and fees pursuant to Federal Rule of Civil Procedure 41(d), and to stay proceedings or dismiss the case, if necessary (Dkt. No. 13), in connection with a similar action previously brought by Morris against PIM in another court. For the reasons stated below, PIM's motion is granted.

### I.  Background

In July 2024, Morris brought an action against PIM in the Western District of New York ("New York Action"), alleging that PIM had engaged in a false and misleading marketing campaign regarding its "Fruit n' Yogurt" products, in violation of New York General Business Law §§ 349 and 350. *See Morris v. Welch Foods, Inc.*, Case No. 6:24-cv-06385 (FPG)

(W.D.N.Y.), Dkt. No. 5.[1] After PIM moved to dismiss the case for failure to state a claim and the district court set a briefing schedule on PIM's motion, Morris filed a notice of voluntary dismissal. *See id*. at Dkt. Nos. 17, 18, 26. The case was dismissed without prejudice as to Morris and the putative class in October 2024. *Id.* at Dkt. No. 27.

Months later, in January 2025, Morris and Soto filed the current action against PIM in this Court, based on allegations nearly identical to those asserted in the New York Action. Here, the complaint asserts violations of New York General Business Law §§ 349 and 350, on behalf of Morris and a putative New York subclass, as well as violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, *et seq.*, on behalf of Soto and a putative Illinois subclass. PIM subsequently filed the instant motion, seeking costs and fees pursuant to Rule 41(d), and asking the Court to stay proceedings pending Plaintiffs' compliance with the Court's order. Specifically, PIM asks for an award of costs and fees that it incurred in the New York Action—namely, costs and fees associated with drafting its motion to dismiss and researching and drafting a response to Morris's bench letter, which had asked the court to terminate PIM's motion to dismiss. PIM also seeks costs and fees associated with researching, drafting, and filing its Rule 41(d) motion before this Court.

## II. PIM's Rule 41(d) Motion

PIM brings its motion pursuant to Rule 41(d), which provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). In part, the purpose of Rule 41(d) is to "deter forum shopping and vexatious litigation." *Embrey v. St. Charles Trading, Inc.*, No. 23 CV 15232, 2024 WL 916235, at *2 (N.D. Ill. Mar. 4, 2024) (quoting *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000)). "The basic idea is that a plaintiff cannot sue a defendant, drop the case voluntarily, and then sue the same defendant on the same claim somewhere else, unless that plaintiff pays the bill." *MSP Recovery Claims, Series 44, LLC v. Zurich Am. Ins. Co.*, No. 22-cv-5054, 2023 WL 8851153, at *7 (N.D. Ill. Aug. 15, 2023). The decision whether to award costs and stay proceedings under Rule 41(d) is a matter within the Court's discretion. *Id.* at *8.

The parties do no dispute that the New York Action and present action are "based on or include the same claim" against PIM. Fed. R. Civ. P. 41(d). Although the complaint here names Soto as a co-plaintiff and includes an additional cause of action based on Illinois law, both actions arise from nearly identical factual allegations. Insofar as the complaints differ, their differences do not render Rule 41(d) inapplicable. *See MSP Recovery*, 2023 WL 8851153, at *10 ("[G]iven the

---

[1] Morris originally filed the New York Action against Welch Foods, Inc. in June 2024, and later amended the complaint to name PIM as a defendant in July 2024. Morris subsequently voluntarily dismissed the action without prejudice solely as to Welch Foods, Inc., leaving PIM as the remaining defendant.

2

breadth of the text of Rule 41(d)[,] [t]he claims in the first case and the second case do not have to be identical.").

Even so, PIM cannot simultaneously invoke Rule 41(d) to receive costs for its defense in the New York Action *and* filing its Rule 41(d) motion in this action. Under its plain language, Rule 41(d) permits the Court to award "the costs of that *previous* action" which the "plaintiff . . . *previously dismissed* . . . in any court." Fed. R. Civ. P. 41(d) (emphasis added). Given that Morris voluntarily dismissed the New York Action, Rule 41(d) authorizes the Court to award costs pertaining to that action. However, because Plaintiffs have not dismissed the present action, Rule 41(d) relief is not available to PIM for filing the instant motion. *See Gholson v. Lewis*, No. 07 C 3694, 2007 WL 9817930, at * (N.D. Ill. Oct. 26, 2007) (denying the defendant's request for costs "pertain[ing] to the current suit" because "[a]s mandated by Rule 41(d), only costs relating to the action previously *dismissed* shall be awarded"). For purposes of PIM's Rule 41(d) motion, the Court considers only PIM's request for costs associated with the New York Action.

Although Rule 41(d) does not define the term "costs," "Rule 41(d) does not refer to costs any differently than does [2]8 U.S.C. § 1920, which provides the statutory specification of allowable costs." *New La. Holdings, LLC v. Arrowsmith*, No. 11 C 5031, 2012 WL 6061710, at *10 (N.D. Ill. Dec. 4, 2012) (quoting *Esposito*, 223 F.3d at 501). As such, the costs available under Rule 41(d) include those enumerated in § 1920. *See, e.g.*, *Document Generation Corp. v. AllMeds, Inc.*, 2009 WL 2849076, at *4 (S.D. Ill. Sept. 1, 2009) (relying on § 1920 as the metric for costs when applying Rule 41(d)).

Independent of § 1920 costs, "a party may recover reasonable attorneys' fees as part of its 'costs' under Rule 41(d) only where the underlying statute defines costs to include attorneys' fees." *Esposito*, 223 F.3d at 501; *see also Embrey*, 2024 WL 916235, at *2. Specifically, "the underlying statute that is the basis of the *original* action [must] permit[] the recovery of fees as costs." *Esposito*, 223 F.3d at 501 (emphasis added). Where, as here, PIM seeks attorneys' fees, the Court turns to the statutes underlying the New York Action—namely, New York General Business Law §§ 349 and 350. Both sections provide for reasonable attorneys' fees, but only as part of a prevailing plaintiff's costs. *See* N.Y. Gen. Bus. Law § 349(h) ("The court may award reasonable attorney's fees to a *prevailing plaintiff*." (emphasis added)); *id.* § 350-e ("Any person who has been injured by reason of any violation of section [§ 350] . . . may bring an action . . . The court may award reasonable attorney's fees to a *prevailing plaintiff*." (emphasis added)). Because neither § 349 nor § 350 permits attorneys' fees to a prevailing defendant, the Court lacks the discretion to award attorneys' fees to PIM under Rule 41(d). *See Esposito*, 223 F.3d at 501 (observing that the district court could not award attorneys' fees as part of the costs where the standard for a prevailing defendant to recover attorneys' fees was not met); *c.f. Sanderson v. Spectrum Labs, Inc.*, No. 00-1872, 2000 WL 1909678, at *5 (7th Cir. Dec. 29, 2000) (affirming an attorneys' fees award where the underlying statute provided for attorneys' fees "as part of a successful litigant's costs").

Nonetheless, "district courts have the inherent authority to order an award of attorneys' fees under certain circumstances, such as where a party has acted in bad faith or inflicted unnecessary costs on the court or the defendants." *New La. Holdings*, 2012 WL 6061710, at *10 (citing *Esposito*, 223 F.3d at 500 n.5); *see also Sanderson*, 2000 WL 1909678, at *6 ("Even when

3

Rule 41(d) does not authorize an award of attorneys' fees, it is well settled that [a] district court may award attorneys' fees to a successful litigant when the opposing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"). As the Seventh Circuit has explained, "bad faith" includes "harassment, unnecessary delay, needless increase in the cost of litigation, willful disobedience, and recklessly making a frivolous claim." *Embrey*, 2024 WL 916235, at *4 (quoting *Mach v. Will Cnty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009)). Bad faith "may occur beyond the filing of the case and may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Id.* at *4 (quoting *Mach*, 580 F.3d at 501).

Here, the record demonstrates that Plaintiffs' conduct supports an award of attorneys' fees. As the parties' briefing reveals, Plaintiffs sought to gain a tactical advantage by voluntarily dismissing the New York Action and bringing a nearly identical action in this Court. After PIM moved to dismiss the New York Action, another federal court dismissed a similar case against a manufacturer of yogurt-covered raisins on preemption grounds. *See McGarity v. Sun-Maid Growers of Cal.*, No. 24-cv-07014-BAS-DEB, 2024 WL 4370578, at *4 (S.D. Cal. Oct. 1, 2024). In their opposition brief, Plaintiffs concede that their counsel learned of the *McGarity* opinion when preparing a response to PIM's motion to dismiss. (*See* Pls.' Memo in Opp'n at 2, Dkt. No. 20.) As Plaintiffs acknowledge, the *McGarity* decision spoke to the preemption issue flagged by PIM's motion to dismiss and "thus provided a significant roadmap to an amendment that would avoid the potential preemption pitfall identified by [PIM]." (*Id.* at 3.) "[H]aving determined that [the complaint] required further amendment in light of the *McGarity* decision," Morris decided not to respond to PIM's motion or to seek leave to amend the complaint, despite the district court's assertion that she could do so.[2] (*Id.* at 4.) Rather, Morris voluntarily dismissed the New York Action and then Plaintiffs filed a new action here, based on the same claims but revising them to address the preemption issue raised in *McGarity*. In light of Plaintiffs' representations, Plaintiffs needlessly prolonged the litigation between the parties and inflicted unnecessary costs on PIM by filing a nearly identical lawsuit in this Court, thereby engaging in bad faith. *Cf. Embrey*, 2024 WL 916235, at *4 (viewing the plaintiff's statements as "an admission of forum shopping" and finding that the plaintiff filed the lawsuit in bad faith "for the primary purpose of avoiding compliance with adverse rulings, and potential further adverse rulings").

Pursuant to Rule 41(d) and its inherent authority, the Court finds it appropriate to award costs and attorneys' fees to PIM in connection with the New York Action. Nonetheless, when a plaintiff refiles a case following voluntary dismissal, "courts should not impose costs associated with work that will still be useful to the defendants in the instant case." *Embrey*, 2024 WL 916235, at *2 (internal quotation marks omitted). Indeed, one goal of Rule 41(d) is to "compensate for the **unnecessary** expenses incurred by the litigation." *Id.* at *2 (emphasis added); *see also Big Daddy Games, LLC v. Reel Spin Studios*, LLC, No. 12-cv-449-bbc, 2012 WL 12995406, at *6 (W.D. Wis. Aug. 24, 2012). Given that the New York Action and the present

---

[2] PIM mischaracterizes the record in arguing that Morris voluntarily dismissed the New York Action "only ***after*** the district court in New York refused to provide Morris with a prolonged period to amend her complaint." (Def.'s Memo in Support at 8, Dkt. No. 13-1.) To the contrary, the docket for the New York Action shows that the district court did not deny Morris leave to amend. Rather, the court there stated as follows: "If [Morris] wishes to file for leave to amend, she may do so in the ordinary course, as the [c]ourt has yet to issue a deadline for the amendment of pleadings." (Dkt. No. 25, Case No. 24-cv-06385.)

action are based on the same claims, PIM's work in the New York Action may prove useful here, should PIM move to dismiss this action. However, differences in Second Circuit and Seventh Circuit precedent, as well as Plaintiffs' recent efforts to address any preemption defense, may render portions of PIM's past research irrelevant. To the extent PIM's work in the New York Action is no longer useful in the present action, costs and fees are appropriate.

      For the reasons stated, PIM's motion is granted. The Court grants PIM leave to file a petition itemizing its recoverable costs and fees within two weeks of this ruling. *See Embrey*, 2024 WL 916235, at *5 (directing the defendants to submit a petition for costs and fees within 11 days of its ruling); *see also New La. Holdings*, 2012 WL 6061710, at *3 (observing that the district court ordered the defendants to file a petition for costs and fees within 14 days of its ruling). Pursuant to Rule 41(d)(2), proceedings in this action are stayed pending the Court's assessment of costs and fees and Plaintiffs' compliance. Fed. R. Civ. P. 41(d)(2); *see, e.g.*, *Embrey*, 2024 WL 916235, at *5 (staying the action "until the court determines the amount of fees and costs to be awarded pursuant to Rule 41(d), and plaintiff has paid that amount").

Dated: September 24, 2025

                                                          Andrea R. Wood
                                                          United States District Judge